## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 04-332 (1) (JRT/FLN) |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |
| v. | |
| TROY ALLEN BRANDSGAARD, | |
| Defendant. | |

---

Michelle E. Jones, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Katherine Menendez, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Petitioner Troy Allen Brandsgaard pled guilty to a charge of aiding and abetting felon in possession of a firearm on May 4, 2005, and is currently serving a sentence of 180 months, followed by a supervised release term of three years. Brandsgaard moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 20, 2014. His motion relies on the United States Supreme Court's ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Because *Descamps* did not announce a newly recognized right, the ruling does not provide additional time for Brandsgaard to appeal his conviction. Brandsgaard's habeas petition was filed more than one year after his conviction became final. Therefore, the Court will deny Brandsgaard's motion.

## BACKGROUND

The United States filed a superseding indictment against Brandsgaard on January 3, 2005, charging him with two counts of aiding and abetting a felon in possession of a firearm and one count of aiding and abetting possession of stolen firearms.  (Superseding Indictment, Jan. 3, 2005, Docket No. 33.)  Brandsgaard pled guilty, as part of a plea agreement, to aiding and abetting a felon in possession of firearms after having been convicted of three violent offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Plea Agreement ¶ 1, May 4, 2005, Docket No. 93.)  On November 17, 2005, the Court sentenced Brandsgaard to 180 months imprisonment, followed by three years of supervised release.  (Sentencing J., Jan. 4, 2006, Docket No. 104.)  Brandsgaard did not file a direct appeal.

For sentencing purposes, Brandsgaard was determined to be an "armed career criminal" due to several previous offenses.  The Armed Career Criminal Act ("ACCA") holds that a person qualifies as an armed career criminal if they have three previous convictions for violent felonies or drug convictions.   18 U.S.C. § 924(e)(1).  Brandsgaard's status under the ACCA was based in part on convictions for third degree burglary, escape, and second degree assault.  (Superseding Indictment at 1.)  The Presentence Investigation Report also identified a terroristic threats conviction as an additional predicate offense.

Brandsgaard filed this motion to vacate his sentence under 28 U.S.C. § 2255 on June 20, 2014.  (Mot. to Vacate Sentence Under 28 U.S.C. § 2255 ("Mot. to Vacate"), June 20, 2014, Docket No. 122.)  In his motion, Brandsgaard argues that his sentence was

improperly enhanced under the ACCA, because his terroristic threats and escape offenses no longer qualify as "violent felonies" under the ACCA.  (*Id.* at 1-2, 7-22.)

## ANALYSIS

## I.     STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II.    *DESCAMPS* AND BRANDSGAARD'S SENTENCE

Brandsgaard filed this § 2255 motion more than eight years after his conviction and within one year of the Supreme Court's decision in *Descamps*.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts habeas corpus relief in this case, requiring that the petition be filed within one year of the conviction, or within one year of the Supreme Court recognizing a new right that the prisoner now asserts.  *See* 28 U.S.C.

§ 2255(f)(1), (f)(3).  Under 28 U.S.C. § 2255(f)(1), the initial time for Brandsgaard to file

a habeas petition expired in 2006, one year after Brandsgaard's conviction became final.[1]

Brandsgaard asserts that his § 2255 motion is timely, because it was filed within

one year of the Supreme Court's decision in *Descamps*, which Brandsgaard maintains

created a newly recognized right that is retroactively applicable to cases on collateral

review.  Specifically, Brandsgaard argues that *Descamps* established a new rule of law

by drawing "a clear distinction between divisible statutes, which permit further inquiry,

and indivisible statutes, which do not."  (Mot. to Vacate at 5.)  The Court concludes,

however, that the decision in *Descamps* did not announce a new right.  Rather, it

**reiterated** that the distinction between divisible and indivisible statutes matters for the

purposes of ACCA determinations, which is a distinction the Supreme Court had

previously drawn in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990).  *See*

*Descamps*, 133 S. Ct. at 2283-85 (explaining the rule of law established in *Taylor*).

"As numerous courts have observed, *Descamps* did not represent a change in the

law."  *Beard v. Wilson*, No. 13-3613, 2015 WL 627880, at *1, *8-*9 (D. Minn. Feb. 10,

2015); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ("[T]he

*Descamps* decision did not recognize a new right."); *United States v. Davis*, 751 F.3d

769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not

---

[1] Brandsgaard's plea agreement was filed with the Court on May 4, 2005.  (Plea Agreement.)  He was sentenced on November 17, 2005.  (Sentencing J.)  Brandsgaard did not file an appeal.  Because he was required to file an appeal, if he planned to do so, within fourteen days of the entry of the judgment, Fed. R. App. P. 4(b)(1)(A)(i), his conviction became final on January 18, 2006.  Brandsgaard's § 2255 petition was filed on June 20, 2014, clearly outside the one-year period of limitation set by § 2255(f)(1).

announcing a new rule, but was simply reaffirming the *Taylor*/*Shepard* approach, which some courts had misconstrued."). The Supreme Court's decision in *Descamps*, while correcting precedent in some circuits that had misconstrued *Taylor*'s rule as to the appropriate use of the modified categorical approach, was squarely an affirmation of prior Supreme Court precedent. The explanation in *Descamps* that courts may employ the modified categorical approach to divisible statutes, but not to indivisible statutes, was merely an acknowledgment that the ruling in *Taylor* still controlled. *Descamps*, 133 S. Ct. at 2285 (emphasizing that limiting the modified categorical approach to divisible statutes was the "only way [the Supreme Court] ha[d] ever allowed").

Brandsgaard points to the Eighth Circuit's *en banc* opinion in *United States v. Tucker*, 740 F.3d 1177 (8th Cir. 2014), as a recent example of a "searching analysis of *Descamps* [that] conclude[s] that a [state] statute criminalizing escape is, in part, indivisible, which in turn made violating that statute not a **violent felony** under the ACCA." (Mot. to Vacate at 6.) Although this accurately characterizes the holding in *Tucker*, the Court concludes that *Tucker* is not determinative in this case. The Eighth Circuit's decision in *Tucker* was reached on direct appeal, rather than on collateral review. This difference in procedural posture is significant. Because the issue arose on direct appeal in *Tucker*, the Eighth Circuit was free to apply the Supreme Court's clarification in *Descamps* to the merits of the case, without the constraints imposed by 28 U.S.C. § 2255(f). In this case, however, the Court may only reach Brandsgaard's arguments if the Court has jurisdiction to entertain his habeas petition under § 2255(f).

In *United States v. Headbird*, No. 14-2051, 2015 WL 58781 (D. Minn. Jan. 5, 2015), the court denied a similar motion to vacate sentence under § 2255.  In *Headbird*, as in this case, the prisoner argued that his escape convictions no longer constituted predicate offenses under *Descamps* and *Tucker*.  *Id.* at *2.  The prisoner raised this issue in a § 2255 petition eight years after his conviction became final.  *Id.* at *1.  The court rejected the petitioner's argument, finding that "[e]ven if the [escape] convictions are no longer violent felonies under the ACCA, however, the court finds that Headbird is not entitled to relief because his motion is untimely."  *Id.* at *2.  The court refused to consider Headbird's *Tucker* argument, because "*Descamps* did not establish a new rule that can apply retroactively to challenge Headbird's sentence.  As a result, Headbird's motion is untimely and § 2255 relief is not warranted."  *Id.* at *3.

Because Brandsgaard's petition was filed well outside the initial one-year period of limitation, the Court does not have jurisdiction unless *Descamps* newly recognized a right made retroactively applicable to cases on collateral review.  As explained above, however, *Descamps* did not recognize a new right.  As such, because this case – unlike *Tucker* – is subject to the restrictions of § 2255(f), Brandsgaard's petition is untimely, and the Court lacks jurisdiction to consider it.

## III.    CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such

a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  In this case, "although the Eighth Circuit has not yet determined whether *Descamps* established a new rule, the courts that have addressed the issue have **uniformly** determined that it did not."  *Headbird*, 2015 WL 58781, at *3 (emphasis added).  Thus, the Court finds it unlikely that another court would determine that *Descamps* recognized a new right retroactively applicable to cases on collateral review.  The Court therefore concludes that Brandsgaard has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Section 2255 Motion to Vacate Sentence [Docket No. 122] is **DENIED**.

2.      The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Brandsgaard's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 23, 2015
at Minneapolis, Minnesota.

_____s/ John M. Tunheim_____
JOHN R. TUNHEIM
United States District Judge